UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, subscriber assigned IP address 76.88.7.87,<br><br>Defendant. | Case No.: 18-cv-00235-BAS-BGS<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO RULE 26(F) CONFERENCE**<br><br>**[ECF NO. 4]** |

Plaintiff Strike 3 Holdings, LLC's *Ex Parte* Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (ECF No. 4) is **GRANTED.**

## I. BACKGROUND

On January 31, 2018, Plaintiff Strike 3 Holdings, LLC ("Plaintiff") filed its Complaint against John Doe subscriber assigned Internet Protocol ("IP") address 76.88.7.87 ("Doe Defendant") for copyright infringement. (ECF No. 1.) On February 13, 2018, Plaintiff filed an *Ex Parte* Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference to ascertain the identity of Doe Defendant. (ECF No. 4.)

In its Complaint, Plaintiff asserts that Doe Defendant is liable for direct copyright

infringement. (ECF No. 1 ¶¶ 34-39.[1]) Plaintiff alleges it owns the copyrights for movies it distributes through adult websites and DVD sales. (*Id.* ¶¶ 3, 13.) Plaintiff alleges Doe Defendant used BitTorrent, a peer-to-peer file sharing system, to copy and distribute its movies without consent. (*Id.* ¶¶ 4-5, 17-38.) To identify the IP address of the Doe Defendant, Plaintiff hired forensic investigator IPP International U.G. (*Id.* ¶¶ 24-28.)

As it can only identify the Doe Defendant by the IP address used, Plaintiff requests permission to serve a Federal Rule of Civil Procedure 45 subpoena on the Internet Service Provider ("ISP"), Spectrum (Time Warner Cable), that issued the IP address to Doe Defendant. (ECF No. 4-1 at 6-7.) The proposed subpoena only demands the name and address of Doe Defendant, and Plaintiff indicates it will only use this information to prosecute claims in the Complaint. (*Id.*)

Plaintiff claims good cause exists to grant the *Ex Parte* Application because: (1) Plaintiff has identified Doe Defendant with sufficient specificity through geolocation technology and forensic investigation; (2) Plaintiff has identified all previous steps taken to locate Doe Defendant; (3) Plaintiff's Complaint could withstand a motion to dismiss; and (4) Plaintiff has established that there is a reasonable likelihood that Plaintiff can identify the Doe Defendant and effectuate service. (*See id.* at 6-17.)

## II. STANDARD OF REVIEW

### A. Cable Privacy Act

The Cable Privacy Act prohibits a cable operator from disclosing "personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned." 47 U.S.C. § 551(c)(1). However, a "cable operator may disclose such information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B). A cable operator is "any person

---

[1] The Court cites to the blue CM/ECF-generated document and page numbers located at the top of each page.

or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5).

### B. Requests for Discovery Before Rule 26(f) Conference

Unless a court order permits discovery, it is not allowed until the parties meet and confer pursuant to Federal Rule of Civil Procedure 26(f). *See* Fed. R. Civ. P. 26(d)(1). To determine if early discovery is warranted in a particular case, the court applies a "good cause" test by weighing the need for discovery to further justice against the prejudice it may cause the opposing party. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also Strike 3 Holdings, LLC v. Doe*, No. 17CV2317 JAH (BLM), 2017 WL 6389848, at *1 (S.D. Cal. Dec. 14, 2017) (citing *Semitool*, 208 F.R.D. at 274).

The Ninth Circuit has held that when a defendant's identity is unknown at the time a complaint is filed, courts may grant a plaintiff leave to take early discovery to determine the defendant's identity "unless it is clear that discovery would not uncover the identit[y], or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In determining whether to grant leave for early discovery to ascertain a defendant's identity, district courts consider: (1) whether the plaintiff can "identify the missing party with sufficient specificity such that the defendant is a real person or entity who could be sued in federal court"; (2) whether the plaintiff has described "all previous steps taken to locate the elusive defendant"; (3) whether the "suit against defendant could withstand a motion to dismiss"; and (4) whether the requested "discovery process would lead to identifying information about [the] defendant that would make service of process possible." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

### III. DISCUSSION

#### A. Identification of Doe Defendant with Sufficient Specificity

First, Plaintiff must identify Doe Defendant with sufficient specificity to enable the

3

18-cv-00235-BAS-BGS

Court to determine Doe Defendant is a real person, subject to the Court's jurisdiction. *Columbia Ins.*, 185 F.R.D. at 578. To determine whether a doe defendant has been identified with sufficient specificity, courts look to whether a plaintiff provided "the unique IP address[ ] assigned to an individual defendant on the day of the allegedly infringing conduct" and used "'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91*, No. 12CV00186 MMA (RBB), 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012) (citing *OpenMind Sols., Inc. v. Does 1-39*, No. C-11-3311 MEJ, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011). Identifying the unique IP address and location of the IP address has been shown to meet the requirement for identifying a doe defendant with sufficient specificity. *Id*.

Plaintiff alleges that between September 22, 2017 and December 3, 2017, Doe Defendant infringed Plaintiff's copyrighted work via the BitTorrent file distribution network. (ECF No. 1 ¶¶ 23-30, 34-39; ECF No. 1-2.) Plaintiff retained IPP International UG ("IPP"), a forensic investigation services company, to monitor the BitTorrent file distribution network for copyrighted works and identify IP addresses used by infringers to distribute copyrighted works within the network. (ECF No. 4-3 ¶ 4-5.) Plaintiff has provided a declaration from IPP employee Tobias Fieser (ECF No. 4-3) who determined the following: (1) IPP's servers connected to an electronic device using IP address 76.88.7.87; (2) the IP address distributed to IPP's servers "multiple pieces" of Plaintiff's copyrighted movies listed on Exhibit A to the Complaint; and (3) "reassembling the pieces using a specialized BitTorrent client results in a fully playable digital movie." Further, Fieser states that files distributed by Doe Defendant's IP address "have a unique identifier of the Cryptographic Hash outlined on Exhibit A [to the Complaint]" and "IP address 76.88.7.87 is associated with significant long term BitTorrent use." (ECF No. 4-3 ¶¶ 7-12.)

Plaintiff claims that Doe Defendant's IP address belongs to Spectrum (Time Warner Cable) based on the identification of Maxmind Inc., an IP address geolocation technology

that numerous federal courts have found to be credible and reliable, and the American Registry for Internet Numbers, "a nonprofit, member-based organization, responsible for the management and distribution of IP addresses across most of North America." (ECF No. 4-1 at 11-12, 16-17; ECF No. 4-4 ¶ 11; ECF No. 1 ¶ 5.)

Further, Plaintiff alleges it traced the alleged Doe Defendant's IP address to this District using Maxmind. (ECF No. 4-1 at 12; ECF No. 1 ¶ 9 ["Plaintiff used IP address geolocation technology by Maxmind Inc., an industry leading provider of IP address intelligence and online fraud detection tools, to determine that Defendant's IP address traced to a physical address in this District."].) Plaintiff emphasizes the reliability and credibility of Maxmind's geolocation technology. (*See* ECF No. 4-1 at 12; ECF No. 1 ¶ 9 ["Over 5,000 companies, along with United States federal and state law enforcement, use Maxmind's GeoIP data to locate Internet visitors, perform analytics, enforce digital rights, and efficiently route Internet traffic."].) Courts in this District have historically relied upon Maxmind for making such determinations. *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 18CV47-WQH (RBB), 2018 WL 1427002, at *3 (S.D. Cal. Mar. 22, 2018); *Criminal Prods., Inc. v. Doe*, No. 16-CV-2589 WQH (JLB), 2016 WL 6822186, at *3 (S.D. Cal. Nov. 18, 2016) ("The Court concludes that based on the timing of the IP address tracing efforts employed by Plaintiff's investigator, the documented success of the Maxmind geolocation service, and Plaintiff's counsel's efforts to independently verify the location information provided by Plaintiff's investigator, Plaintiff has met its evidentiary burden [that jurisdiction is proper]").

Based on the evidence and information discussed above, Plaintiff has identified the unique IP address, location, and time associated with the infringing activity of the alleged Doe Defendant. Therefore, Plaintiff has identified Doe Defendant with such "sufficient specificity" so as to assure the Court that the Defendant is real, subject to the Court's jurisdiction, and able to be sued. *Columbia Ins.*, 185 F.R.D. at 578.

### B. Previous Steps Taken to Locate Defendant

Second, Plaintiff must describe all prior attempts it has made to identify Doe

Defendant in a good faith effort to locate Doe Defendant and serve process. *Columbia Ins.*, 185 F.R.D. at 579.

Here, Plaintiff has asserted that it has searched for Doe Defendant's IP address using various internet search tools; reviewed numerous legislative reports, agency websites, and informational technology guides; and hired cyber security consultants and investigators. (ECF No. 4-1 at 13.) Plaintiff retained forensic investigation services company IPP to identify IP addresses used to distribute its copyrighted works via the BitTorrent file distribution network. (ECF No. 4-3 ¶¶4-5, 7.) Despite obtaining Doe Defendant's IP address, Plaintiff is unable to correlate the IP address to its subscriber and has "been unable to identify any other way to go about obtaining the identities of its infringers and does not know how else it could possibly enforce its copyrights." (ECF No. 4-1 at 13; *see* ECF No 4-4 ¶ 11 [verifying Spectrum (Time Warner) "own[ed] Defendant's IP address at the time of the infringements, and hence has the relevant information to identify Doe Defendant."].) Therefore, the Court finds that Plaintiff has made a good faith effort to identify and locate Doe Defendant.

### C. Ability to Withstand a Motion to Dismiss

Third, Plaintiff must demonstrate that its claim could withstand a motion to dismiss. This requires Plaintiff to "make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Columbia Ins.*, 185 F.R.D. at 580.

A claim may be dismissed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction or for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1), 12(b)(6). Plaintiff's Complaint states the "Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (jurisdiction over copyright actions)[,]" and alleges a cause of action for direct copyright infringement. (ECF No. 1 ¶¶ 6-7, 34-39.) To prevail on a copyright infringement claim, Plaintiff must show: "(1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v.*

*Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a)).

Here, Plaintiff provides evidence that it is the exclusive rights holder of the copyrighted works at issue. (*See* ECF No. 1-2.) Plaintiff asserts ownership over the sixty-six copyrighted works that are the subject of this suit and claims that the works "have either been registered with the United States Copyright Office or have pending copyright registrations." (ECF No. 1 ¶¶ 31-32, 35; ECF No. 1-2.) It maintains that for the works "that are still pending registration, a complete application, fees, and deposit materials for copyright registration have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101, et seq." (ECF No. 1 ¶ 32.)

Further, Plaintiff alleges that between September 22, 2017 and December 3, 2017, Doe Defendant infringed Plaintiff's copyrighted work via the BitTorrent file distribution network. (ECF No. 1 ¶¶ 23-30, 34-39; ECF No. 1-2.) Plaintiff also alleges that it did not permit or consent to Doe Defendant's copying or distribution of this work. (ECF No. 1 ¶ 37.) Plaintiff provides evidence that the device using the IP address 76.88.7.87 distributed multiple pieces of Plaintiff's copyrighted motion pictures, and the distributed pieces, when assembled, constitute a "fully playable digital movie." (ECF No. 4-3 ¶¶ 7-9.) Additionally, Plaintiff has verified that each digital file is a copy of its motion pictures. (*See* ECF No. 4-4 ¶¶ 7-10.) Accordingly, Plaintiff has alleged the prima facie elements of direct copyright infringement and could withstand a motion to dismiss for failure lack of subject matter jurisdiction or a failure to state a claim. *See Columbia Ins.*, 185 F.R.D. at 579-80.

A case can also be dismissed for lack of personal jurisdiction over a defendant or for improper venue. *See* Fed. R. Civ. P. 12(b)(2), 12(b)(3). To survive a motion to dismiss for lack of personal jurisdiction the plaintiff need only make a prima facie showing of jurisdictional facts." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). A court has personal jurisdiction over any person residing in the forum state. *Brayton v. Purcell LLP v. Recordon & Recordon*, 361 F. Supp. 2d 1135, 1138 (N.D. Cal. 2005) (citing generally *Pennoyer v. Neff*, 95 U.S. 714 (1877)). Venue in copyright infringement suits is proper in

the district in which the defendant . . . resides or may be found." 28 U.S.C. § 1400 (a).

Here, Plaintiff alleges it used geolocation technology to determine that Doe Defendant's "IP address traced to a physical address in this District", that "a substantial part of the events or omissions giving rise to the claims occurred in this District", and Doe Defendant resides in this District. (ECF No. 1 ¶¶8-10; ECF No. 4-1 at 11-14.) Therefore, Plaintiff has established the prima facie requirements of personal jurisdiction and venue and is likely to withstand a motion to dismiss for lack of personal jurisdiction or improper venue.

### D. Requested Discovery Will Lead to Identifying Information

Finally, Plaintiff is required to demonstrate that the requested discovery will lead to identifying information about Doe Defendant that would make service of process possible. *See Columbia Ins.*, 185 F.R.D. at 580. As explained above, Plaintiff's investigation has revealed a unique IP address, 76.88.7.87. (*See* ECF No. 4-1 at 11-13.) Due to the fact that the only entity able to correlate an IP address to a specific individual is the ISP, Spectrum (Time Warner Cable) (*see id.* at 13-14), the requested Rule 45 subpoena would lead to information making physical service of process possible.

### IV. CONCLUSION AND ORDER THEREON

Plaintiff has met its burden of showing good cause and the *Ex Parte* Application (ECF No. 4) is **GRANTED**. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff may serve Spectrum (Time Warner Cable) with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the subscriber assigned the IP address 76.88.7.87. Plaintiff may not subpoena additional information about the subscriber.

2. Plaintiff may only use the disclosed information to protect its copyrights in pursuing this litigation.

3. Within **fourteen (14) calendar days** after the service of the subpoena, Spectrum (Time Warner Cable) shall notify the subscriber assigned the IP address 76.88.7.87 that his, her, or its identity has been subpoenaed by Plaintiff.

4. The subscriber whose identity has been subpoenaed shall have **thirty (30) calendar days** from the date of the notice to seek a protective order or challenge the disclosure of his, her, or its name and address by filing an appropriate pleading with this Court contesting the subpoena.

5. If Spectrum (Time Warner Cable) wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for **forty-five (45) calendar days** from service to production. If a motion to quash or other customer challenge is brought, Spectrum (Time Warner Cable) shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge.

6. Plaintiff shall serve a copy of this Order with any subpoena obtained and served pursuant to this Order to Spectrum (Time Warner Cable).

7. Spectrum (Time Warner Cable) in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

8. No other discovery is authorized at this time.

Dated: May 7, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge